IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

A. D. and SUE RICHINS,

    Plaintiffs,

v.                            No. CIV 03-0072 LCS/LAM

DEERE AND COMPANY, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant Hitachi Construction Machinery Co., Ltd.'s Motion for Protective Order (*Doc.* 71). The Court having considered the motion, Plaintiffs' response to the motion, relevant law, and the argument of counsel at a telephonic hearing held on January 30, 2004, finds that the motion is not well taken and should be **DENIED**. The Court having determined that it is in the interests of justice to do so, also makes certain rulings regarding the date and location of depositions of Mr. Himari and representative(s) of the Hitachi Defendants designated pursuant to Fed.R.Civ.P. 30(b)(6) based on the argument of counsel at the telephonic hearing held on January 30, 2004.

    **WHEREFORE, IT IS HEREBY ORDERED THAT**:

    1. In its Order filed on December 31, 2003 (*Doc. 55*), the Court re-opened discovery for limited purposes and ordered that the depositions of persons identified in Mr. Griswold's deposition who may have designed the John Deere 200LC Excavator were to be completed by February 2, 2004. Counsel for the parties agree that Mr. Mihara is one of those persons. The Court's December 31, 2003 Order (*Doc. 55*) was not appealed by Defendants. The Court reiterated the February 2, 2004

deadline for these depositions, with specific reference to Mr. Mihara, at the telephonic status conference concerning the location of Mr. Mihara's deposition held on January 16, 2004, and in the Court's Order regarding the location of the deposition filed on January 20, 2004 (*Doc.64*) which ordered that Mr. Mihara be deposed in the United States. The Court's January 20, 2004 Order has been timely appealed by Defendants to the presiding judge and is awaiting ruling.

2. The Court's February 2, 2004 court-ordered deadline for deposing Mr. Mihara had the effect of shortening, by Court order, the fourteen-day requirement for service of a notice of deposition on Mr. Mihara pursuant to D.N.M.LR-Civ. 30.1. That rule expressly provides that the fourteen day period may be shortened "by Court order".

3. The Court remains convinced, based on the facts of this case, that Mr. Mihara should be deposed in the United States, despite the general rule that foreign corporate defendants can have their depositions taken where they work or live or at the location of their principal places of business. The Court has discretion to control the location of a deposition. The Court finds that the reasons for deposing Mr. Mihara in the United States in this case are similar to the reasons for deposing a defendant foreign corporation's employee in the United States in *Custom Form Manufacturing, Inc. v. Omron, et al.*, 196 F.R.D.333 (N.D. Ind. 2000). These reasons are: (a) Defendant Hitachi Construction Machinery Co., Ltd. does business in the United States, is subject to the Court's jurisdiction and has availed itself of the federal rules of discovery in this litigation; (b) Plaintiffs should be able to take advantage of the same liberal rules of discovery; (c) the Court's authority and availability with respect to the conduct of the deposition will not be compromised by having the deposition take place outside the United States and comity concerns and sovereignty issues will not be implicated; and (d) the travel and lodging costs of the deposition should be reduced for both sides by having Mr. Mihara travel to the United States from Amsterdam for his deposition instead of having

counsel for both sides travel to Amsterdam or Tokyo for the deposition.  Therefore, the Court will not change the ruling in its Order filed on January 20, 2004 (*Doc.64*) that Mr. Mihara must be deposed in the United States.  Defendant Hitachi Construction Machinery Co., Ltd.'s Motion for Protective Order (*Doc.* 71) is **DENIED** and Mr. Mihara must be deposed in the United States on **February 23, 2004, at 9 a.m., in New York City, New York**.  Plaintiffs must make arrangements for, and pay the cost of, an interpreter for the deposition. The parties must each pay one-half of the reasonable costs of Mr. Mihara's travel expenses (round-trip travel between Amsterdam and New York City, and lodging) for the deposition.

4.  With regard to the document request contained in Plaintiffs' amended notice for Mr. Mihara's deposition served on January 21, 2004, and attached to Defendant Hitachi Construction Machinery Co., Ltd.'s Motion for Protective Order, this request is governed by Fed. R. Civ. P. 30(b)(5).  Therefore, the procedure of Fed. R. Civ. P. 34 shall apply to this request and Defendant Hitachi Construction Machinery Co., Ltd. shall have thirty days after service of the request in which to respond or object to this request.

5.  The depositions of Mr. Himari and representative(s) of the Hitachi Defendants designated pursuant to Fed.R.Civ.P. 30(b)(6) shall be taken in Tokyo, Japan, on **February 26, 27 and 28, 2004**, unless another place or other dates are agreed to by the parties.  Plaintiffs must make arrangements for, and pay the cost of, an interpreter for these depositions.  The parties shall pay their own travel and lodging costs for these depositions.

6.  The deadline for completion of discovery in this case is extended through **February 28, 2004**, for the **limited purpose** of deposing Mr. Mihara, Mr. Himari and the Hitachi Defendants' representative(s) designated pursuant to Fed.R.Civ.P. 30(b)(6), in accordance with the Court's

orders, and for responding to Plaintiffs' amended notice for Mr. Mihara's deposition served on January 21, 2004.  **No other deadlines shall be extended without further order of the Court.**

**IT IS SO ORDERED.**

*Lourdes A. Martinez*
United States Magistrate Judge