IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


A.D. and SUE RICHINS and
SUE RICHINS AS NEXT FRIEND
OF ARTHUR DLOYD RICHINS, JR.
A MINOR,

      Plaintiffs,

vs.                                                  No. CIV-03-0072 JB/LAM

DEERE AND COMPANY, HITACHI
CONSTRUCTION MACHINERY CO.,
LTD., and DEERE-HITACHI
CONSTRUCTION MACHINERY
CORPORATION,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiffs' Application for Review of the Amended Clerk's Order Setting Costs, filed June 25, 2004 (Doc. 169). The primary issue is whether it would be so inequitable to tax costs against the Plaintiffs, A.D. and Sue Richins and Sue Richins as next friend of Arthur Dloyd Richins, Jr., a minor (the "Richins"), that the Court should set aside the Clerk of the Court's award in favor of the Defendants. Because the Richins have not shown that the Defendants' alleged discovery abuses were so egregious, or that the Richins are so indigent, that the taxation of costs would be inequitable, the Court will deny the Richins' motion.

**PROCEDURAL BACKGROUND**

The Richins had to file motions to compel against the Defendants for their alleged abuse of the discovery process and to seek additional hearings to force compliance with the Court's rulings. Each time, the Honorable Lourdes A. Martinez, United States Magistrate Judge, required the

Defendants to comply with the process.

On one occasion, Judge Martinez ordered and awarded sanctions of $5,500.00 against the Defendants for discovery abuse. See Order on Plaintiffs' Motion to Compel, filed December 19, 2003 (Doc. 48). The Defendants objected to this order. See Objection to Order Granting Plaintiffs' Motion to Compel, filed December 29, 2003 (Doc. 51). The Honorable Leslie C. Smith, United States Magistrate, deferred decision on the award of sanctions and of payment of this amount pending the case's final resolution and until the Court determined costs. See Order On Defendants' Objection to Plaintiffs' Motion to Compel, filed December 31, 2003 (Doc. 54). Thus, the Court has not set the exact amount. Moreover, the Richins have not moved for an award of these costs.[1]

Ultimately, the Defendants' conduct relating to alleged discovery abuse and the destruction of documents caused the Plaintiffs to request a spoiliation instruction to the jury as a discovery sanction. After extensive argument, the Court denied the motion.

The three Defendant corporations prevailed after a jury trial. On May 4, 2004, the Richins moved for a new trial. The Court orally ruled on the Richins' motion for new trial at the hearing, indicating that it would deny the motion. The Court has not, however, issued an opinion or order reflecting its ruling.

The Defendants are thus the prevailing parties under rule 54 of the Federal Rules of Civil Procedure. As the prevailing parties, the Defendants moved for costs against the Plaintiffs. See Defendants' Request For Court Clerk to Tax Defendants' Cost Bill, filed May 3, 2004 (Doc. 161).

---

[1] The Defendants contend that the Court should bar the Richins from now moving for an award of costs because they failed to do so within 30 days of the entry of judgment. See LR-CV 54.1. The Court need not, however, decide this issue to decide the Richins' motion. The Court will not decide the sanctions issue at this time.

The Plaintiffs responded. See Plaintiffs' Response And Objection to Defendants' Request For Court Clerk to Tax Defendants' Cost Bill, filed May 19, 2004 (Doc. 163). The Defendants replied and withdrew certain cost requests. See Reply In Support of Defendants' Request For Court Clerk to Tax Defendants' Cost Bill, filed June 4, 2004 (Doc. 165).

The Clerk of the Court, on the Defendants' motion, filed an Order setting costs. See Clerk's Order Setting Costs, filed June 19, 2004 (Doc. 167). On June 22, 2004, the Clerk filed an Amended Order setting costs to correct the transposition of certain cost totals. See Amended Clerk's Order Setting Costs (Doc. 168). The Clerk, in his Order, went through the requested costs, ultimately disallowing $22,392.46 of the requested costs and taxing only $8,132.72. See id.

The Richins represent that they currently have no earned income, and that they subsist on social security and worker's compensation. The evidence in the case reflects that the Richins' future medical expenses, not all of which worker's compensation covers, will exceed $2 million. The Richins represent that they have "practically" no ability to adequately care for A.D. Richins and thus cannot pay the Defendants' costs.

## LAW ON AWARDS OF COSTS

A prevailing party may move for costs at any time after the Court enters judgment. See 10 James Wm. Moore et. al., Moore's Federal Procedure ¶ 54.101[1][a], at 54-141 (3d ed. 2004). Local rule 1-054(D)(4) requires the party recovering costs to file a cost bill within 15 days after the entry of final judgment. R. Civ. P. 1-054(D)(4). The presumption is that the court should award the prevailing party costs pursuant to rule 54. See Klein v. Grynberg, 44 F.3d 1497, 1506 (10th Cir.), cert. denied, 519 U.S. 1077 (1997). Only a showing that an award would be inequitable under the circumstances can overcome the presumption in favor of awarding costs to the prevailing party. See

Moore et. al., supra ¶ 1 54.101[1][b], at 54-152.

Thus, although there is a presumption that a prevailing party is entitled to costs, there are circumstances in which it is considered inequitable to award costs to the prevailing party. See Sheets v. Yamaha Motor Corp. U.S.A, 891 F.2d 533, 539 (8th Cir. 1990). The court may deny an award of costs because the prevailing party was obstructive, acted in bad faith during litigation and incurred unnecessary or unreasonably high costs. See id. at 539-40.

The Court may also reduce or deny an award of costs based upon a losing party's ability to pay. See Cantrell v. International Board of Electrical Workers AFL-CIO Local 21, 69 F.3d 456, 459 (10th Cir. 1995). The losing party, however, must show an inability to pay to overcome the presumption that the prevailing party is entitled to recover costs. See Corder v. Lucent Tech. Inc., 162 F.3d 924, 929 (7th Cir. 1998). Such a showing can be made upon providing actual documentation of the inability to pay. See Chapman v. Al Transport, 229 F.3d 1012, 1038-39 (11th Cir. 2000).

While indigency can serve as grounds, a party must show more than a drop in income. See Moore et. al., supra ¶ 54.101[1][b], at 54-155. Moreover, in this determination, the court should not consider the prevailing party's relative wealth as compared to that of the losing party's resources. See id. at 54-154.

## **ANALYSIS**

As prevailing parties, the Defendants are entitled to recover their costs. The presumption is that the Court will award the Defendants their costs. The Richins, in challenging the Clerk's Amended Order, bear the burden of demonstrating that the Defendants should not recover claimed costs. See Serna v. Manzano, 616 F.2d 1165, 1167 (10th Cir. 1980); Moore et. al., supra ¶

54.101[1][b], at 54-154.

The Richins may overcome this presumption only if they demonstrate that the Defendants cannot recover the claimed costs because to do so would be inequitable. The Richins, as the losing parties herein, have not met this burden of showing that the circumstances here are so inequitable so as to overcome the presumption. Thus, the Richins have not demonstrated why the Court should not award costs against the Richins.

## I.     A RULING ON COSTS IS NOT PREMATURE.

The Richins contend that any ruling against them assessing costs is premature and not ripe until the Court decides their motion for new trial. While the motion is still pending, in that the Court has not entered an order or an opinion, the Court gave an oral ruling at the hearing. In any case, given local rule 1-054, their argument that this motion is not ripe is incorrect.

## II.    AN AWARD OF COSTS AGAINST THE PLAINTIFFS WOULD NOT BE INEQUITABLE.

The Richins contend that the Defendants consistently thwarted the process. They also contend that the Defendants should not be entitled to costs because the Defendants have unclean hands and the Richins lack an ability to pay. The Richins contend that, under the circumstances, it is within the Court's discretion to deny costs to the prevailing party.

### A.     THE DISCOVERY DISPUTES DO NOT JUSTIFY DENYING COSTS TO THE DEFENDANTS.

While the Richins contend that the Defendants' misconduct makes it inequitable to assess costs against the Richins, they have not cited to activity in the record which shows such conduct. The Richins point generally to the alleged discovery abuses -- one of which resulted in a sanction of some attorneys fees -- but the Court has already punished that abuse. Further punishment is not justified

without specific showing of "misconduct, bad faith, and abuse of the trial process."  See Sheets v. Yamaha Motors Corp., U.S.A., 891 F.2d at 539.

The Richins also point to their request for a spoilation jury instruction.  But the Court denied that request.  And the Court did so after extensive argument on this issue during trial.

Despite the Richins' representation that the Defendants "consistently thwarted the process," the Richins have not made a showing what process the Defendants thwarted or how the Defendants thwarted that process.  At trial, the Court had the impression that the Court and the jury had the information it needed to make an informed decision.  Unsupported representations of misconduct do not amount to sufficient grounds that the Court can use to justify the non-award of costs.  See Serna v. Manzano, 616 F.2d at 1167-68 ("[W]hen a trial court refuses to award costs to the prevailing party, it should state its reasons for such disallowance.").

Moreover, when Judge Browning came into the case, he attempted to get up to speed on this case and on the record as quickly as possible.  A thorough reading of the record does not support the taxing of costs against the Defendants or refusing to tax the Richins.  The record does not support an overall finding that the Defendants abused the discovery process, and even where there may be instances of abuse, the Magistrate Judges dealt firmly with those instances at the time.

In any case, the Richins have not shown how the Defendants' conduct was so egregious as to warrant non-award of costs.  Under these circumstances, it is not inequitable for the Court to assess costs against the Plaintiffs.  The Court declines to exercise its discretion to refuse to award costs against the Plaintiffs.  The Defendants' Bill of Costs will be awarded against the Richins.

**B.  THE RICHINS HAVE NOT DOCUMENTED THEIR INDIGENCY**.

The Richins' claimed indigency is not an absolute shield to the award of costs.  See Flint v.

Haynes, 651 F.2d 970, 973-74 (4th Cir. 1981).  Moreover, the Richins have not shown that they are indigent such that the Court should not tax costs.  It may well be that the Richins are unable to pay the costs.  But given the record before the Court, the Court would be speculating to so find.

While there certainly was evidence at trial that A.D. Richins' medical bills will be considerable, and that his earning capacity is limited, the Court does not recall evidence about the Richins assets.  Normally, a balance sheet of the plaintiffs would not be relevant.  At this stage, however, that information is needed.  While the Court assumes that the Richins are of moderate means, they have not provided the detailed and specific information that the Court could use to determine whether they could pay an $8,000 cost bill.  Also, if the cost bill is further reduced by the prior sanctions award, the final bill may be considerably less.

Whether the Defendants are able to collect on the cost award, or are able to offset a cost award against pre-trial cost and fee award, is for the Defendants to worry about, not the Court.  The Court's tax is to determine whether the record shows an award of costs against the Richins would be inequitable.  The Court cannot say that the record provides a basis for such a finding.

**IT IS ORDERED** that the Plaintiffs' Application for Review of the Amended Clerk's Order Setting Costs, which requests that costs not be awarded, is denied.  There not being any further objection to that award, the Court approves the Amended Clerk's Order Setting Costs as it is currently entered.  Costs are assessed against the Plaintiffs.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

L. Michael Messina
Albuquerque, New Mexico

Paul W. Smith
Jeffrey Nolan Diamant
Ware, Snow, Fogel, & Jackson L.L.P.
Houston, Texas

      Attorneys for the Plaintiffs

Lawrence R. White
Alice Tomlinson Lorenz
Todd A. Schwarz
Dylan O'Reilly
Miller Stratvert P.A.
Albuquerque, New Mexico

      Attorneys for the Defendants