IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

A.D. and SUE RICHINS and
SUE RICHINS AS NEXT FRIEND
OF ARTHUR DLOYD RICHINS, JR.
A MINOR,

        Plaintiffs,

vs.                                           No. CIV-03-0072 JB/LAM

DEERE AND COMPANY, HITACHI
CONSTRUCTION MACHINERY CO.,
LTD., and DEERE-HITACHI
CONSTRUCTION MACHINERY
CORPORATION,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Motion for New Trial, filed May 4, 2004 (Doc. 162). The primary issue is whether the Plaintiffs, A.D. and Sue Richins, and Sue Richins as next friend of Arthur Dloyd Richins, Jr., a minor, have met their burden of showing one of the alleged bases for their motion constituted an abuse of discretion or clear error that resulted in prejudice to a substantial right. For the reasons that the Court stated on the record at the July 14, 2004 hearing, and consistent with that oral ruling, the Court concluded that, because the Richins have not met their burden, the Court will deny the motion.

**PROCEDURAL BACKGROUND**

This suit arises out of injuries that A.D. Richins sustained while operating a John Deere 200 LC Excavator on April 18, 2000. On March 29, 2004, a jury trial on this matter began. At the close of evidence, the Court submitted to the jury questions and instructions relating to negligence, defect,

causation and damages. On April 2, 2004, the jury rendered its verdict, finding no negligence and no defect by any of the Defendants, Deere and Company ("Deere") and Hitachi Construction Machinery Co., Ltd. ("Hitachi"). On April 20, 2004, the Court entered a final judgment in favor of the Defendants and dismissed the case with prejudice. See Final Judgment (Doc. 160).

The Richins move for a new trial pursuant to rule 59 of the Federal Rules of Civil Procedure. The Richins move for a new trial, because: (i) the Court did not provide an instruction on spoilation, despite the Defendants' alleged destruction of documents; (ii) the Court made allegedly incorrect evidentiary rulings resulting in an allegedly erroneous jury verdict; (iii) the Court allegedly improperly struck certain jurors; and (iv) the jury verdict was allegedly against the great weight of the evidence.

## LAW GOVERNING MOTIONS FOR NEW TRIAL

Motions for a new trial are generally committed to the district court's discretion. See McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 556 (1984); McHargue v. Stokes Div. of Penwalt Corp., 912 F.2d 394, 395 (10th Cir. 1990); Atencio v. City of Albuquerque, 911 F. Supp. 1433, 1437 (D.N.M. 1995). They are not regarded with favor and the trial court should grant them with great caution. See United States v. Kelley, 929 F. 2d 582, 586 (10th Cir. 1991). Where a party presents the court with a motion for a new trial based on contentions of trial error, the alleged errors will not justify the grant of a new trial unless they are "clearly erroneous, as well as prejudicial and must have affected the substantial rights of the parties." Atencio v. City of Albuquerque, 911 F.Supp. at 1436 (citing Hinds v. General Motors Corp., 988 F.2d 1039, 1049 (10th Cir. 1993); Rasmussen Drilling, Inc. v. Kerr-McGee Nuclear Corp., 571 F.2d 1144, 1148-49 (10th Cir. 1978); Fed. R. Civ. P. 61. An alleged error by the trial court constitutes grounds for granting a new trial only where the trial court concludes that, absent the alleged error, a jury would likely have reached a contrary result.

See McDonough Power Equip., Inc. v. Greenwood, 464 U.S. at 553-54.

In McDonough Power Equip., Inc. v. Greenwood, the Supreme Court of the United States explained some of the reasons for the courts' reluctance to set aside a jury's verdict:

> This Court has long held that [a litigant] is entitled to a fair trial but not a perfect one, for there are no perfect trials. Trials are costly, not only for the parties, but also for the jurors performing their civic duty and for society which pays the judges and support personnel who manage the trials.
>
> * * * *
>
> We have also come a long way from the time when all trial error was presumed prejudicial . . . . The harmless error rules adopted by this Court and Congress embody the principle that courts should exercise judgment in preference to the automatic reversal for "error" and ignore errors that do not affect the essential fairness of the trial.

464 U.S. at 553 (quotations and citations omitted). The Supreme Court concluded with the fundamental proposition that a court must, at every stage of the proceeding, disregard any error or defect which does not affect the parties' substantial rights. See id. (quoting Kotteakos v. United States, 328 U.S. 750, 759-60 (1946)).

The burden of showing clear error and prejudice to substantial rights rests with the party asserting error. See Blanke v. Alexander, 152 F.3d 1224, 1236 (10th Cir. 1998); United States v. Mitchell, 113 F.3d 1528, 1532 (10th Cir. 1997); K-B Trucking Co. v. Riss Int'l Corp., 763 F.2d 1148, 1156 (10th Cir. 1985); Atencio v. City of Albuquerque, 911 F.Supp. at 1437.

## ANALYSIS

All of the Richins' claims of error suffer from a common defect. The Richins do not establish that the jury would likely have reached a contrary result if the alleged errors had not occurred. The Richins have presented only arguments. Those arguments alone do not constitute a reasonable basis

for reaching the conclusion to justify a new trial. See Morrison Knudsen Corp. v. Firemens' Fund Ins. Co., 175 F.3d 1221, 1230 n.3 (10th Cir. 1999)(noting that bald assertions of prejudice are insufficient); Angelo v. Armstrong World Industries, Inc., 11 F.3d 957, 962 (10th Cir. 1993)(noting that, where the jury believed expert witness despite several challenges to her testimony, there was no reason to believe allegedly concealed impeachment material would have made any difference); Smith v. Atlantic Richfield, 814 F.2d at 1485-86 (explaining that, where there was ample conflicting evidence on key issues, the court could not conclude that the jury had been misled by exclusion of the plaintiff's proffered testimony or by admission of evidence which was not decisive to the case); Greenwood v. McDonough Power Equip., Inc., 731 F.2d 690, 697 (10th Cir. 1984)(holding that the plaintiffs failed to show prejudice where they failed to establish the manner in which the alleged error prejudiced them), on remand from McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548 (1984).

## I.     THE COURT PROPERLY DENIED THE RICHINS' REQUESTED SPOILATION INSTRUCTION.

The Richins assert that the Court should have given a spoilation instruction at trial. Under federal law, which governs in this case, failure to produce records is not sufficient to warrant a spoilation instruction absent a showing of bad faith. See King v. Cent. R.R., 337 F.3d 550, 556 (5th Cir. 2003)(noting that federal law determines if any spoilation sanction is warranted); Aramburu v. The Boeing Co., 112 F.3d 1398, 1407 (10th Cir. 1997)("[T]he general rule is that bad faith destruction of a document relevant to proof of an issue at trial gives rise to an inference that production of the document would have been unfavorable to the party responsible for its destruction."); University of Texas at Austin v. Vratil, 96 F.3d 1337, 1340 n.3 (10th Cir.

1996)(noting that discovery is a procedural matter that federal law governs); Perlmutter v. United States Gypsum Co., 4 F.3d 864, 871-72 (10th Cir. 1993)(explaining that federal law governs grant or denial of instructions).

The evidence upon which the movant relies to show bad faith must be more than conjecture or speculation. See Gilbert v. Cos Co., Inc., 989 F.2d 399, 406 (10th Cir. 1993). It must support an inference that a party actually suppressed or withheld evidence because they were conscious of a weakness in their case. See Aranburu v. The Boeing Co., 112 F.3d at 1407; Vick v. Texas Employment Comm'n, 514 F.2d 734, 737 (5th Cir. 1975)(noting that the circumstances must manifest bad faith to sustain an inference of consciousness of a weak case). The Court has broad discretion in ruling on a request for a spoilation instruction.

The Richins failed to offer evidence that supports an inference that the Defendants actually suppressed or withheld evidence because they were conscious of a weakness in their case. The Richins have not shown that the Defendants acted in bad faith. Moreover, it is not clear that this evidence went to a central issue. The Court properly denied the Richins' requested spoilation instruction.

## II. THE RICHINS HAVE NOT SHOWN THAT THE COURT'S EVIDENTIARY RULINGS WERE PREJUDICIAL OR WOULD HAVE LEAD TO A DIFFERENT RESULT.

The Richins assert that the Court made erroneous evidentiary rulings. Specifically, the Richins argue the Court failed to allow testimony that Deere requested Hitachi consider redesigning the cab to include shorter joysticks and failed to admit documents from the Japanese Safety Association of Construction and Loading Vehicles.

Error in the exclusion of evidence is not grounds for granting a new trial unless refusal to

admit the evidence is inconsistent with substantial justice. See Fed. R. Civ. P. 61; Fed. R. Evid. 103(a). The Richins have not shown that exclusion of the evidence was prejudicial or that admitting the evidence would have led to a different result. The Court concludes the exclusion of the evidence does not warrant a new trial.

### III.     THE RICHINS HAVE NOT SHOWN THAT THE COURT IMPROPERLY STRUCK TWO JURORS.

The Richins assert that The Honorable Leslie C. Smith, United States Magistrate Judge, improperly struck two jurors. The decision to strike a juror for cause is one in the trial court's discretion. See United States v. Contreras, 108 F.3d 1255,1265 (10th Cir. 1997). Judge Smith had before him evidence that the two jurors had actual bias. "Doubts regarding bias must be resolved against the juror." Burton v. Johnson, 948 F.2d 1150, 1158 (10th Cir. 1991). The Court cannot conclude that striking the two jurors was an abuse of discretion. Moreover, the Richins have not shown that the verdict would have been different had the jurors not been excused.

### IV.     THE JURY VERDICT WAS NOT AGAINST THE GREAT WEIGHT OF THE EVIDENCE.

The Richins argue that the jury verdict is against the great weight of the evidence. When a party moves for a new trial on the basis that the verdict is not supported by the great weight of the evidence, the verdict must stand unless it is "clearly, decidedly or overwhelmingly against the weight of the evidence." York v. Am. Tel. & Tel. Co., 95 F.3d 948, 958 (10th Cir. 1996). "The court considers the evidence in the light most favorable to the prevailing party, bearing in mind that the jury . . . has the exclusive function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact." Snyder v. City of Moab, 354 F.3d 1179, 1188 (10th Cir. 2003)

(citations and quotations omitted)(quoting United Int'l Holdings, Inc. v. The Wharf (Holdings) Ltd., 210 F.3d 1207, 1227 (10th Cir. 2000); United Phosphorus, Ltd. v. Midland Fumigant, Inc., 205 F.3d 1219, 1226 (10th Cir. 2000)).

The Court does not believe the jury verdict was against the great weight of the evidence. The jury was entitled to disregard the Richins' evidence and believe the Defendants' evidence of no defect, adequate warning, and operator error. Given the evidence before the jury, the Court cannot conclude the verdict was "clearly, decidedly or overwhelmingly against the weight of the evidence." York v. Am. Tel. & Tel. Co., 95 F.3d at 958.

The Richins fail to show that any of the alleged bases for their motion constituted an abuse of discretion or clear error that resulted in prejudice to a substantial right.

**IT IS ORDERED** that Plaintiffs' Motion for New Trial is denied.

                                                        _____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Paul W. Smith
Jeffrey Nolan Diamont
Ware, Snow, Fogel, & Jackson L.L.P.
Houston, Texas

– and –

L. Michael Messina
L. Michael Messina, P.A.
Albuquerque, New Mexico

      *Attorneys for the Plaintiffs*

Alice T. Lorenz
Larry R. White
Dylan O'Reilly
Todd A. Schwarz
Miller Stratvert P.A.
Albuquerque, New Mexico

    *Attorneys for the Defendants*